UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MICHIGAN BIODIESEL, LLC,

        Debtor.

_____/

Case No. DK 10-05786
Hon. Scott W. Dales
Chapter 11

THOMAS R. TIBBLE, Chapter 11 Trustee,

        Plaintiff,

v.

TALL PINE TRADING, LLC,

        Defendant.

_____/

Adversary Pro. No. 11-80621

## ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

Chapter 11 Trustee Thomas Tibble (the "Plaintiff") filed a complaint against Tall Pine Trading, LLC ("Tall Pine") and its principal, Tracy Daniels, to avoid and recover a substantial post-petition transfer pursuant to 11 U.S.C. §§ 549 and 550. Through an amended complaint (DN 21), the Plaintiff also seeks turnover of property, in the nature of a post-petition account receivable, that Tall Pine allegedly owes to the Debtor pursuant to 11 U.S.C. § 542(b).

Tall Pine answered the amended complaint and asserted a counterclaim against the Plaintiff. For his part, Tracy Daniels filed a motion to dismiss, which became moot when the parties stipulated that he should be dismissed as a defendant, without prejudice.

On August 28, 2012, after receiving an extension and in accordance with the court's Pretrial Order, the Plaintiff filed a Motion for Summary Judgment (the "Motion," DN 31) regarding the affirmative relief it requests in the amended complaint, but not with respect to Tall Pine's counterclaim.  Although the Pretrial Order required Tall Pine to file a response to the Motion on or before September 11, 2012, it did not.  Instead, after the deadline for responding to the Motion, Tall Pine and the Plaintiff agreed to permit Foley & Lardner LLP to withdraw as Tall Pine's counsel, effective as of October 9, 2012.

## I.   STANDARDS

Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party establishes that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Only disputes over the facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Factual disputes that are irrelevant or unnecessary "will not be counted." *Id.*

In considering a Rule 56 motion, the court must draw all inferences in the non-moving party's favor, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (*quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Tall Pines has not opposed the Motion, which simplifies the court's task considerably.  Nevertheless, the court must satisfy itself that the Plaintiff, as the moving party, is entitled to relief on his claims without a trial.

II.   FINDINGS

In his Motion, accompanying brief and exhibits attached thereto, the Plaintiff asserts that summary judgment should be granted because the Debtor, through its former CEO, John Oakley, admits that it transferred $998,412.32 (Exh. B, 128:19-130:1; Exh. F), to the Defendant (DN 22, Pp 12, Exh. F), without court authorization (Exh. B, 131:18-132:5). The Plaintiff further alleges that the Debtor was not in the business of issuing or sharing tax credit refunds, and that this particular payment significantly exceeded any other single payment to the Defendant in previous months. (Debtor's Monthly Financial Reports, DN 38, 70, 71, 76, 84, 97, 118, 125, 128, 143, 154, 170, 172, 185, 194, 222, 231, 257 and 294). The payment was not made in the ordinary course of the Debtor's business. Because these facts and allegations are undisputed, the court finds that the Plaintiff has met his burden pursuant to 11 U.S.C. § 549  by showing that the Debtor made (1) a transfer of estate property; (2) after the commencement of the case; (3) not authorized by the court; and (4) not authorized by the Bankruptcy Code. Consequently, the court will grant the Motion as to the first count of the Plaintiff's amended complaint.

Upon avoidance of the transfer, the Plaintiff is entitled to recover the property transferred or its value from the initial transferee pursuant to 11 U.S.C. § 550(a). The Defendant admits that it is the initial transferee (DN 22, pp. 12), and offered nothing to dissuade the court from entering a money judgment for the full amount of the transfer. Accordingly, the court will grant the Motion as to the second count.

With respect to the Plaintiff's third count, the Motion is similarly supported by references to the record. *See* Exh. A, 41:9-18; 61:6-63:4; Exh. G, ¶ 4-10.  Although the Plaintiff labels his request as one for turnover under 11 U.S.C. § 542, the court regards the cause of action as sounding in contract, albeit a postpetition contract arising in a case under Chapter 11, and

therefore a "core" proceeding.   *See* 1 Collier on Bankruptcy ¶ 3.02[5] (16th ed. June 2012); *MCI Telecommunications Corp. v. Gurga (In re Gurga)*, 176 B.R. 196, 199 (9th Cir. BAP 1994) (the presence of an active dispute over the amount owed takes the action out of the turnover area; a turnover demand cannot shortcut a breach of contract action); *In re Federated Department Stores*, 144 B.R. 993 (Bankr. S. D. Ohio 1992). Having carefully reviewed the record, the court is satisfied that there is no genuine issue as to any fact of consequence to the Plaintiff's request for judgment on the account receivable. Tall Pine owes the Plaintiff $202,881.30.

Although the court is willing to grant the Motion, it cannot enter judgment at this time because Tall Pine's counterclaim remains pending.   *See* Fed. R. Civ. P. 54 (single judgment rule).   Tall Pine, however, is not a natural person and therefore may not appear in federal court without counsel. And, without counsel, it cannot prosecute the counterclaim.   *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). The court, however, will afford Tall Pine a brief opportunity to retain counsel in advance of the pretrial conference presently scheduled for October 29, 2012.   If Tall Pine, however, fails to retain counsel in advance of that previously scheduled conference, the court will dismiss the counterclaim for failure to prosecute under Fed. R. Civ. P. 41(b).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 31) is GRANTED.

IT IS FURTHER ORDERED that Tall Pine shall retain substitute counsel, who shall file an appearance before, and participate in, the telephonic pretrial conference scheduled for October 29, 2012.

IT IS FURTHER ORDERED that if Tall Pine's counsel fails to file an appearance before, or participate in, the pretrial conference as ordered herein, the court will dismiss the counterclaim under Fed. R. Civ. P. 41(b) for failure to prosecute, and shall enter judgment in Plaintiff's favor consistent with this Opinion and Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas R. Tibble, John T. Piggins, Esq., Tall Pine Trading, LLC, and Tracy Daniels.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 16, 2012**



_____
Scott W. Dales
United States Bankruptcy Judge